```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MASON TENDERS DISTRICT COUNCIL OF       :
GREATER NEW YORK,                       :
                 Plaintiff,             :   10 Civ. 0700 (DLC)
                                        :
        -v-                             :   OPINION AND ORDER
                                        :
WTC CONTRACTING, INC., BAYSIDE          :
CONTRACTING ASSOCS. CORP.,              :
                 Defendants.            :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:
Tamir W. Rosenblum
Haluk Savci
Mason Tenders District Council of Greater New York
520 Eighth Avenue Suite 650
New York, NY 10018

For defendant Bayside Contracting Assocs. Corp.:
Donald Carroll Moss
Moss& Moss LLP
170 East 61st Street, Second Floor
New York, NY 10021


DENISE COTE, District Judge:

Plaintiff Mason Tenders District Council of Greater New York ("Mason Tenders") filed the complaint in this action on January 29, 2010, asserting claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 1985. The complaint alleged that WTC Contracting, Inc. ("WTC Contracting") had failed to contribute to various benefit funds pursuant to the terms of a collective bargaining agreement ("CBA") to which it

was a signatory.  Bayside Contracting Associates Corp. ("Bayside") was alleged to be liable as an alter ego of WTC Contracting or as a single employer with WTC Contracting under federal labor law.  On May 6, Mason Tenders filed affidavits stating that both WTC Contracting and Bayside had been served on March 12 when the complaint and summons had been served on the New York Secretary of State (the "Secretary").

This Court scheduled an initial pretrial conference to take place on June 18 by order dated May 13.  On June 17, Mason Tenders filed an affirmation that a notice of the initial pretrial conference had been served on the defendants by first class mail.  None of the defendants appeared at the initial pretrial conference.  Upon the motion of Mason Tenders, the Court entered an order to show cause on June 25 why a default should not be issued against the defendants.  On June 28, Mason Tenders served the order to show cause by first class mail on the defendants at the addresses on file for them with the Secretary.  On July 16, a default judgment was entered against WTC Contracting and Bayside.  The Secretary notified Mason Tenders on July 25 that while it had forwarded the complaint and summons on Bayside at the Bayside, New York address it had on file (the "Bayside Address") by certified mail, the package was returned as unclaimed by anyone at that address.

Bayside filed this motion to vacate the default judgment entered against it on July 15, 2011, a year after the entry of the default judgment. The motion was fully submitted on August 5. For the reasons stated below, Bayside's motion is denied.

DISCUSSION

Under Federal Rule of Civil Procedure 55(c), "[a] court may set aside any default that has [been] entered for good cause shown, and if a judgment has entered on the default, the court is authorized to set the judgment aside in accordance with the provisions of Rule 60(b)." <u>New York v. Green</u>, 420 F.3d 99, 104 (2d Cir. 2005). A court may vacate a judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Bayside brings its motion to vacate pursuant to Rule 60(b)(1) and (6).

> When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether,

> and to what extent, vacating the default will cause the nondefaulting party prejudice.

State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) (citation omitted). "The district court must consider all of these factors." Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994). "A motion to vacate a default judgment is addressed to the sound discretion of the district court," Green, 420 F.3d at 104 (citation omitted), although the Second Circuit has expressed a "strong preference for resolving disputes on the merits." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted). "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Green, 420 F.3d at 104.

I. Willfulness of the Default

"[A] finding of bad faith is [not] a necessary predicate to concluding that a defendant acted willfully. . . . [I]t is sufficient that the defendant defaulted deliberately." Gucci America, Inc. v. Gold Center Jewelry, 158 F.3d 631, 635 (2d Cir. 1998). "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and

4

was not satisfactorily explained." Securities and Exchange Commission v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

> Thus, defaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment; or failed, for flimsy reasons, to comply with scheduling orders; or failed, for untenable reasons, after defendants had purposely evaded service for months, to answer the complaint; or failed, for incredible reasons, to appear for a scheduled pretrial conference and unaccountably delayed more than 10 months before moving to vacate the ensuing default.

Id. at 738-39 (citation omitted).

Bayside argues that it did not receive any notice of this action prior to the entry of the default judgment, and in its principal brief lays the blame for this omission on an alleged failure by the Secretary to forward the summons and complaint to the Bayside Address. But appended to Mason Tenders's opposition to this motion is a letter from the Secretary explaining that while it forwarded the summons and complaint to Bayside, it was returned to the Secretary by the United States Postal Service as unclaimed by anyone at the Bayside Address. Therefore, not only was no one available to sign for the certified mailing when the United States Postal Service delivered it to the Bayside Address, but no one at that address responded to the delivery attempt notice to ask that the mailing be redelivered, responded to the second delivery notice, or went to the post office to pick it up within fifteen days of the first attempted delivery.

United States Postal Service, Frequently Asked Questions: Redelivery, http://faq.usps.com (under "Browse Topics" follow hyperlink for "Redelivery"; then follow hyperlink for "Redelivery") (last visited Sept. 14, 2011).

Furthermore, notice of both the initial pretrial conference and the default hearing were sent by first class mail to the Bayside Address.  Bayside concedes that the Bayside Address was and is its corporate address, and further that it is an apartment and residence of the president of Bayside, Dunia Solis ("Solis").  Bayside argues that it has had no problem receiving mail at the Bayside Address, either for corporate matters or for the personal matters of Solis, and attached exhibits of articles of mail received at the Bayside Address to the affidavits submitted by Solis in support of this motion.

Bayside therefore suggests that although it has never had any difficulty receiving personal or business mail at the Bayside Address, it never received any of three documents mailed at different times that would have alerted it of this action and the pending default hearing.  One failure by the United States Postal Service might be believable, but three failures -- especially when one is contradicted by evidence supplied by the Secretary -- are beyond credible.  To the contrary, the facts suggest that Bayside received the notices of this action and deliberately decided not to accept, open, read or act on them,

6

deliberately deciding not to appear in this case. The failure of anyone to accept the delivery by certified mail of the summons and complaint sent by the Secretary is especially strong evidence that there was a deliberate decision made not to participate in this action. C.f. Gryphon Domestic VI, LLC v. APP Intern. Finance Co., B.V., 41 A.D.3d 25, 32 (N.Y. App. Div. 2007) ("A defendant may not frustrate service by failing to claim certified mail."). Thus, Bayside's default was willful.

Bayside argues that the letter from the Secretary informing Mason Tenders that the summons and complaint mailing was unclaimed supports its argument that it never received notice of the action. First, because of the delivery notifications left at the Bayside Address in connection with that certified mailing, the letter actually confirms that Bayside received notice that, at least, the Secretary was trying to contact it. Furthermore, Bayside does not explain why it did not receive notice of the action from the two other mailings sent to the Bayside Address by Mason Tenders. Nor does Bayside have a credible explanation for why it repeatedly failed to read its mail about this action when it claims to never have had trouble receiving mail at the Bayside Address.[1]

---

[1]   Bayside also challenges Mason Tenders's rationale for serving it through the Secretary. This argument need not be explored because service on the Secretary is an effective form of service on a New York corporation, and there is no

II.  Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  State Street Bank, 374 F.3d at 167 (citation omitted).  But, "a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense."  Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001).

The complaint alleged that Bayside was liable for WTC Contracting's violations of the CBA because it is an alter ego of WTC Contracting or acts as a single employer.  "The test of alter ego status is flexible, allowing courts to weigh the circumstances of the individual case, while recognizing that the following factors are important: whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership."  Retirement Plan of UNITE HERE Nat. Retirement Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010) (citation omitted).  "Separate companies are considered a 'single

---

prerequisite that a plaintiff first attempt another form of service.  N.Y. Bus. Corp. L. § 306.

8

employer' if they are part of a single integrated enterprise." Brown v. Sandimo Materials, 250 F.3d 120, 128 n.2 (2d Cir. 2001) (citation omitted). Four factors are relevant in this analysis "none of which is controlling and not all of which need be present: [1] interrelation of operations, [2] common management; [3] centralized control of labor functions and [4] common ownership." Id. (citation omitted).

> Family connections and the common use of facilities and equipment are also relevant. Ultimately single employer status depends on all the circumstances of the case and is characterized by absence of an arms length relationship found among unintegrated companies. In determining whether the defendants' employees constitute a single bargaining unit, we look for a community of interests among the relevant employees and factors such as bargaining history, operational integration, geographic proximity, common supervision, similarity in job function and degree of employee interchange.

Id. (citation omitted). Therefore, in order to properly allege either alter ego or single employer liability, a plaintiff must allege facts that support a non-exclusive and non-mandatory list of factors, many of which are relevant to either theory.

In support of these theories of liability, Mason Tenders alleged that: (1) Solis was the wife of WTC Contracting's principal officer, John Perotti ("Perotti"); (2) WTC Contracting performed asbestos remediation work as Bayside but using WTC Contracting employees, trucks and equipment; (3) WTC Contracting and Bayside share a common business purpose in asbestos, lead

9

and other hazardous waste abatement; and (4) Bayside has no independent business offices, client-base, staff or assets apart from WTC Contracting.  The complaint includes specific allegations that support both that Bayside serves as WTC Contracting's alter ego and that the two companies constitute a single employer.

Bayside presents only conclusory denials to these allegations.  In its motion papers, Bayside lists the allegations and states, simply, that each is incorrect.  Indeed, in her first affidavit, Solis merely states the opposite of each of the allegations in the Complaint, without providing any evidence of the falsity of those allegations.

In her second affidavit, Solis provides further detail in her denials of the allegations, but the evidence she presents would not support a complete defense to liability.  For example, she presents documents which she claims are related to Bayside's operations at a particular worksite where Mason Tenders alleges that WTC Contracting performed asbestos remediation work under the Bayside name but using WTC Contracting employees, trucks and equipment.  The first set of documents shows that Bayside had a certification of workers' compensation insurance coverage.  Another set of documents shows that the name of WTC Contracting was used in waste removal operations.  These documents do not, on their face, relate to operations at the worksite at issue in

10

the complaint.  Even if they did, they would not contradict the allegation that WTC Contracting performed work as Bayside at that location.  These documents would be consistent with an effort by WTC Contracting to get certain official documents under Bayside's name in order to hide its involvement as the true company operating at the worksite, while actually using WTC Contracting personnel and equipment in operations such as waste removal.

The other exhibits provided by Solis are court documents showing that a final judgment of divorce between Perotti and Christine Perotti was entered in January 2011.  This is not evidence of Solis's current marriage status or her marriage status in August 2009, the time relevant to the complaint.  But assuming that there is sufficient evidence to support a finding that Solis and Perotti are not and were never married, this only disproves one of the allegations supporting Mason Tenders's alter ego and single employer theories, and therefore does not provide a complete defense to liability.

III. Prejudice to the Plaintiff

A defendant's "willful default and the absence of meritorious defenses [are] sufficient to support" a denial of a motion to vacate a default.  <u>Commercial Bank of Kuwait</u>, 15 F.3d at 244.  Indeed, even "[a]n absence of prejudice to the non-defaulting party would not in itself entitle the defaulting

11

party to relief from the judgment." McNulty, 137 F.3d at 738. Having found that Bayside willfully defaulted and that it failed to demonstrate a meritorious defense, it is not necessary to evaluate in detail the prejudice to Mason Tenders if the default were vacated. It is sufficient to observe that Mason Tenders filed this action in January 2010, more than nineteen months ago.

CONCLUSION

Bayside's July 15, 2011 motion to vacate the default judgment entered against it is denied.

SO ORDERED:

Dated:   New York, New York
         September 16, 2011

```
                                      _____
                                              DENISE COTE
                                      United States District Judge
```